IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00585-BNB

RONALD M. S. COX, JR.,

    Applicant,

v.

KATHRYN A. STARNELLA,
COLORADO DEPARTMENT OF CORRECTIONS,
TOM CLEMENTS,
ARAPAHOE COUNTY DISTRICT COURT, and
WARDEN OF STERLING CORRECTIONAL CENTER,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Ronald M. S. Cox, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Cox has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asking the Court to order his release because he allegedly has been subjected to unconstitutional conditions of confinement. The Court must construe the application liberally because Mr. Cox is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action will be dismissed.

Mr. Cox asserts two claims for relief in the application, both of which arise out of

an incident that occurred on May 28, 2011, when he alleges he was the victim of food tampering and ingested two razor blades. Mr. Cox specifically claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment and that he was denied due process because he was not provided proper medical treatment. The Court notes that Mr. Cox has filed a separate civil rights action pursuant to 42 U.S.C. § 1983 against the parties who allegedly violated his rights in connection with the alleged denial of medical treatment that remains pending. *See Cox v. Doug*, No. 11-cv-02554-REB-MEH (D. Colo. filed Sept. 29, 2011). In the instant habeas corpus action, Mr. Cox seeks as relief to be released from prison and to have the mandatory parole portion of his sentence vacated because the allegedly unconstitutional conditions of confinement in 2011 demonstrate he has not been held in accordance with law.

The constitutional claims Mr. Cox asserts are not habeas corpus claims and do not entitled Mr. Cox to habeas corpus relief. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). By contrast, an individual in state custody who seeks to challenge the conditions of his or her confinement generally must seek relief in a civil rights action pursuant to 42 U.S.C. § 1983. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). As a result, habeas corpus actions may not be used to challenge prison conditions. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *see also Johnson v. Lappin*, 478 F. App'x 487, 492 (10th Cir. 2012) (stating that an application for a writ of habeas corpus that seeks early release as

a remedy for allegedly unconstitutional conditions of confinement would be frivolous); *Cohen Ma v. Hunt*, 372 F. App'x 850, 852 (10th Cir. 2010) (stating the district court "correctly determined that claims regarding conditions of confinement may not be brought in a [habeas corpus] proceeding").

The instant action will be dismissed because Mr. Cox cannot obtain the relief he seeks based on allegedly unconstitutional conditions of confinement.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of      March        , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court